Nash, J.
 

 The 16th Sec. of the 46th Chap. Rev. Stat. requires executors and administrators, within two months after their qualification, to advertise creditors to bring
 
 in
 
 their claims, within the time prescribed by law, and requires that the advertisement shall be made at the Court House door and other public places. The 17th section provides the manner, in which the evidence, to prove the fact, may be perpetuated. The defendant in this case proved the advertisement at the Court House door and one public place — and the evidence to show it had been made at a second was insufficient under the Act. The notice, certified by Green, was not filed in the office at August term of the Court, which was the term next succeeding the qualifying of the defendant, as required by the Act, but at the November term succeeding. Neither,
 
 *138
 
 as far as the case discloses, did the affidavit of the witness Green, on the notice, show at what time he saw it posted up nor where. The testimony of Mr. Stephenson was equally uncertain as to time; the nearest he could come to it was, that he saw the advertisement posted up at his house, which was a public place within the County, within six or twelve months after the death of the intestate. The defendant failed to show a compliance with the requisitions of the Act, and was thrown back upon his right to prove the fact in some other wa}^. The Court committed no error in rejecting the evidence he did offer. The provision in the 17th section is obviously made for the ease and security of the administrator, and a strict performance ought to be and has been required of him.
 
 McLin
 
 v.
 
 McNamaru, 2
 
 Dev. & Bat. Eq. 82.
 

 For the purpose of refreshing the memory of the witness Stephenson, the defendant proposed to show him the notice certified by Green, which was refused by the Court. If the Court erred in rejecting the testimony, we cannot reverse the judgment for that reason, as the oase does not set forth the
 
 notice, so as to
 
 enable us to see, that its contents were such as were calculated to have the effect proposed. It was not suggested to the Court, in what way the notice could refresh the memory of the witness, as to the time he saw the notice which he speaks of, nor can we perceive its relation to it.
 
 Burrough
 
 v.
 
 Martin, 2
 
 Camp. 112.
 

 In the progress of the trial, a reference was made by the parties to Mr. James Stanly, to take an account of the defendant’s administration of the assets of the intestate. The commissioner made his report, which was confirmed by the Court, neither party having made any exception. The referee, after stating the receipts and-disbursements of the defendant, reports that there were assets in his hands to the amount of $930 31, a sum more than sufficient to satisfy the plaintiff’s debt. But
 
 *139
 
 he goes on and states that the defendant claims
 
 to
 
 retain that balance to pay certain sums due to him from his intestate, and to pay an unsatisfied judgment
 
 quando
 
 rendered against him as administrator of Ed. Patrick at May Term 1813, of Greene County Court, at the instance of John M. Patrick, by his guardian Willis Dixon for the sum of 1281 88J. The defendant’s counsel requested the Court to charge the jury, as set forth in the case, that the defendant had a right to retain the amount reported as in his hands to pay the
 
 quando
 
 judgment. This was refused upon the ground, that the defendant had not produced the record of the judgment. In this, we are of opinion, his Honor erred. The reference to Mr. Stanly was not a matter of right belonging to either of the parties, the action not being on the administrator’s bond, but was made by them, as a satisfactory and expeditious mode of ascertaining the state of the assets.
 

 We are of opinion, that as the plaintiff used the report to charge the defendant, the latter was entitled to use it to his discharge, and that his Honor erred in refusing the instructions prayed for. The plaintiff gave no other evidence of assets, and the question turned upon the construction of the Report. That we understand clearly, to find out — standing demands, preferable to the plaintiff’s to a greater amount than the balance of
 
 $930
 
 31. For he refers to certain depositions and records, establishing certain demands to the amount of .f837 Sli against the estate in favor of the defendant.
 

 Per Curiam. Judgment reversed and a
 
 venire de novo
 
 ordered.